UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:23 CR 633 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| Devin Sims, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion for Sentence Reduction Under 18 U.S.C. §3582(c)(1)(A)((Compassionate Release). (ECF #73). Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Mr. Sims attached documentation indicating that he

has exhausted his administrative remedies. (ECF #73-1). Therefore, the Court will address the merits of his request.

In order to justify compassionate release a court, "after considering the factors set forth in 18 U.S.C. §3553(a)," must determine: (1) that extraordinary and compelling reasons warrant a sentence reduction;[1] (2) that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. §3142(g); and, (3) that the reduction is consistent with the USSG's policy statement in §1B1.13. *See*, U.S.S.G.§1B1.13(a). A "compassionate release decision is discretionary, not mandatory." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010). For purposes of this opinion, the Court considered and balanced all the factors set forth in 18 U.S.C. §3553(a). Mr. Sims argues that he qualifies for relief because his circumstances meet the definition of extraordinary and compelling reasons as set forth in the U.S.S.G. policy statement in §1B1.13(b)(3)(A),(D) and §1B1.13(b)(1)(B)(i).

Subsection (b)(3)(A) provides that the "death or incapacitation of the caregiver of the defendant's minor child"is an extraordinary and compelling reason warranting a reduction in sentence. *Id.* Mr. Sims states that he has an eight month old child and that the child's mother is having difficulty caring for the baby. He asserts that the baby's mother is considering giving her parents the authority to raise Mr. Sim's son. The situation he describes, though clearly difficult, does not rise to the level of extraordinary and compelling under §1B1.13(b)(3)(A). Even if the baby's mother is having difficulties caring for the child, there is no allegation that she is deceased or incapacitated. Mr. Sims also indicates that there are other available care givers who help out when possible, along with grandparents who may be able to care for the baby full time, if necessary.

---

[1] Alternatively, courts may consider a reduction if the defendant is at least 70 years old and has served at least 30 years in prison.

-2-

Mr. Sims' circumstances also fail to rise to the level of extraordinary and compelling reasons for relief under §1B1.13(b)(3)(D). Subsection (b)(3)(D) states the extraordinary and compelling reasons exist when the defendant would be the only available care giver for an immediate family member. In this case, Mr. Sims alleges that his grandmother is getting "very old" and he wants to be there with her in order to help with daily tasks and transportation to medical appointments. It is certainly a difficult time for defendants when they realize they will not be able to assist or spend time with family members who are aging, or otherwise in need of assistance. Unfortunately, however, it is far from extraordinary in the context of our criminal justice system. Although Mr. Sims would like to be able to assist his grandmother, he does not assert that she is incapable of self-care, or that he is the only possible care giver for her. He states that his mother steps in to help care for his grandmother, and though this may be difficult with her job and other responsibilities, he does not allege that she is incapable of assisting his grandmother with her current needs. For these reasons, the Court finds that Mr. Sims has not established that he is the only available caretaker for his son or his grandmother, and his circumstances do not rise to the level of extraordinary and compelling as contemplated by U.S.S.G.§1B1.13.

Subsection (b)(1)(B)(i) provides that extraordinary and compelling reasons for relief also exist when a defendant is "suffering from a serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. §1B1.13(b)(1)(B)(I). Mr. Sims alleges that he has back pain that equates to a "serious medical condition" which leaves him feeling vulnerable, and that being in prison makes it difficult to manage this condition. The Warden, in denying Mr. Sims request for Compassionate

Release/Reduction has indicated that Mr. Sims' condition is rated Care Level SSCRN-1 (healthy or simple chronic care), and that he is capable of doing all daily living activities without assistance. (ECF #73-1). Mr. Sims, though he complains of pain, does not allege that his ability to manage self-care has been substantially limited. He also does not allege that his condition is permanent. In fact, he indicates that he previously had a device surgically implanted to "hold his spine in place" and is expecting to have surgery to remove the device next year. He has failed to establish that he is suffering from a serious medical issue that substantially diminishes his ability to provide self-care, and that is expected to be permanent. Therefore, his circumstances do not qualify as extraordinary and compelling under U.S.S.G. §1B1.13(b)(1)(i).

Even if Mr. Sims had satisfied the other criteria for relief, a modification to his sentence the 18 U.S.C. §3553(a) factors do not support a sentence modification. Mr. Sims pled guilty to Counts 1-5 of the Superceding Indictiment:

> Count One: Robbery of Mail, Money or Property from the United States, in violation of 18 U.S.C. §2114(a);
>
> Count Two: Using or Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A);
>
> Count Three: Stealing Keys Adopted by the Post Office of the United States, in violation of 18 U.S.C. § 1704(a);
>
> Count Four: Theft of Mail, in violation of 18 U.S.C. §1704; and
>
> Count Five: Possession of Stolen Mail, in violation of 18 U.S.C. §1708.

. (ECF #15, 35, 36). He was sentenced to a total of 64 months: 24 months on each of Counts 1, 3-5, to run concurrent, along with 40 months on Count 2, to run consecutively to the other Counts. (ECF #65). Based on the date of his arrest, he has served just over fourteen months, or twenty percent of that sentence. His co-defendant, who pled guilty to four counts, including a

firearms charge received a sentence of 100 months. (ECF # 70). A third defendant, who pled to two counts and did not face a firearms charge received a sentence of thirty months. (ECF #64). Mr. Sims had no criminal history background and has significant support from his family. These factors, however, were already taken into account in the determination of his original sentence.

Any reduction granted at this juncture would fail take into the account the seriousness of his offense, the legislature's intent to sentence defendants to additional consecutive time if they use a firearm in connection with a crime of violence, the need to avoid unwarranted sentence disparities, and the need to provide future deterrence both to Mr. Sims and to others who may consider such actions. When full consideration is given to the 18 U.S.C. §3553(a) factors, it becomes apparent that Mr. Sims is not entitled to a reduction in sentence.

Mr. Sims has not demonstrated extraordinary and compelling reasons for relief, or justification within the context of the §3553(a) factors. Having considered the record, Mr. Sims' arguments, and all of the factors set forth in 18 U.S.C. §3553(a), the Court finds, in its discretion, that the Defendant's Motion for Compassionate Release should be DENIED. (ECF #73). IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATE: February 27, 2025